*Received 12-12-05*

# IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

NOV 2 8 2005

**MARY REIN**

PLAINTIFF

vs.                    Case No. CV2005-134

**GOOD SHEPHERD HUMANE
SOCIETY, INC.**

DEFENDANT

## COMPLAINT

Comes now the Plaintiff, Mary Rein, by and through her attorneys, Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf, P.A., and for her cause of action against the Defendant, Good Shepherd Humane Society, Inc., states as follows:

### I. Parties and Jurisdiction

1.     That the Plaintiff is a resident of Eureka Springs, Carroll County, Arkansas.

2.     That the Defendant is a not-for-profit corporation with its principal place of business in Eureka Springs, Carroll County, Arkansas.

3.     That this court has subject matter jurisdiction pursuant to Ark. Code §16-13-201(a) because this is an action for redress of a civil wrong.

4.     That venue is proper in this court pursuant to Section 16(E) of Act 649 of 2003 because Carroll County is where the act giving rise to this claim occurred.

### II. Statement of Facts

5.     That the Defendant, Good Shepherd Humane Society, Inc., offered the Plaintiff, Mary Rein, a position as an independent contractor with the Defendant in May of 2005.

6.     That the Plaintiff accepted the Defendant's offer for services, and the

1



EXHIBIT
1

Plaintiff and the Defendant executed a Contract for Services on May 11, 2005, which set forth the terms of the relationship between the parties. A true and correct copy of the Contract for Services is attached hereto and incorporated herein as Exhibit A.

7. That the Contract for Services provided that the Plaintiff was to provide services to the Defendant for a term of three (3) years. The Contract for Services called for the Plaintiff's three-year term of services with the Defendant to commence on May 11, 2005, and end three (3) years thereafter.

8. That the Contract for Services provided that upon expiration of the initial three (3) year term, the Contract for Services automatically renewed on a month-to-month basis until terminated in accordance with the terms of the Contract for Services.

9. That the Contract for Services provided that the Plaintiff was to be paid a base salary by the Defendant of fifteen hundred ($1,500) dollars per month for providing twenty (20) hours of service a week, plus extra compensation at the rate of six ($6) dollars per hour for each hour of services performed beyond twenty (20) hours per week, plus reimbursement and benefits.

10. That the Contract for Services further provided that during the initial three (3) year term the Defendant could terminate the Contract for Services for "Cause." "Cause" is specifically defined as "a conviction of [Plaintiff] Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law." The Contract for Services further specified that "[n]o other circumstances or occurrence shall constitute "Cause" hereunder."

11. That the Contract for Services provided that if either Plaintiff or Defendant brings an action for breach or to otherwise enforce or interpret the Contract for Services

2

and obtains a judgment in its favor, the said party shall be entitled to recover all costs and expenses, including reasonable attorneys' fees.

12.     That the Defendant informed the Plaintiff in a letter, received by the Plaintiff on or about October 17, 2005, and signed by Gerald K. Crow on behalf of the Defendant, that the Defendant was terminating the Contract for Services between the Plaintiff and the Defendant.  A true and correct copy of the termination letter is attached hereto and incorporated herein as Exhibit B.

13.     That the termination letter stated that the Plaintiff was terminated as a result of the Defendant's belief that the Plaintiff did "not meet the standards enumerated by the IRS [for independent contractors] and that continuation of the contract subjects our organization to possible adverse tax consequences."

14.     That the Defendant terminated the Plaintiff's services despite provisions in the Contract for Services stating that said contract could only be terminated for "Cause," specifically defined as "a conviction of [Plaintiff] Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law," and that "[n]o other circumstance or occurrence shall constitute "Cause" hereunder."

15.     That the Defendant terminated the Plaintiff's services with the Defendant without "Cause" and in direct violation of the specific cancellation provision of the Contract for Services, and as a direct result of that wrongful termination, the Plaintiff has suffered significant economic damages.

### III: Count One:  Breach of Contract

16.     That the Plaintiff restates and realleges each and every material fact and allegation contained in paragraphs 1-16 above.

3

17.   That the Plaintiff and the Defendant entered into a Contract for Services on May 11, 2005, in which both parties agreed that the terms contained therein represented the entire agreement between the Plaintiff and the Defendant with respect to the services relationship between the parties.

18.   That in addition to compensation of fifteen hundred ($1,500) dollars per month, the Contract for Services required the Defendant to compensate the Plaintiff at the rate of six ($6) dollars per hour for each hour worked above and beyond twenty (20) hours per week.

19.   That the Contract for Services allowed the Defendant to terminate said contract only for "Cause", and the Contract for Services specifically defined "Cause" as a conviction of [Plaintiff] Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law." The Contract for Services further specified that "[n]o other circumstances or occurrence shall constitute "Cause" hereunder."

20.   That the Defendant breached the Contract for Services on or about October 17, 2005 when it terminated said contract without "Cause."

21.   That the Plaintiff diligently and consistently fulfilled her obligations under the Contract for Services until said contract was terminated by the Defendant without "Cause."

22.   That the Defendant materially breached the Contract for Services when it wrongfully terminated the Contract for Services without "Cause" and in violation of the express provisions of said contract.

23.   That the Defendant's material breach of the Contract for Services deprived

4

the Plaintiff of the substantial benefit of her bargain as she was deprived of thirty (30) months of salary, plus extra compensation at the rate of six ($6) dollars per hour for each hour of services performed beyond twenty (20) hours per week, plus benefits.

24.     That due to this breach of the Contract for Services by the Defendant, the Plaintiff is entitled to the full contract price of the thirty (30) months remaining in her initial three (3) year term at the time of the wrongful termination of the Contract for Services by the Defendant, plus benefits.

25.     That the Plaintiff has used reasonable care, effort, and expenditure to mitigate the damages she suffered due to the Defendant's material breach of the Contract for Services.

26.     That the Plaintiff is entitled to the total amount of wages she was to be paid from the date of her wrongful termination, October 17, 2005, through the remainder of her initial three (3) year term, ending on May 11, 2008, plus lost benefits, less any sum the Plaintiff has earned in mitigation.

27.     That the conduct of the Defendant, as set forth herein, was intentional, improper, and malicious, and was not justified, privileged, or excusable, and as such, the Plaintiff should be awarded punitive damages in order to punish the Defendant for its intentional, improper, and malicious conduct and to deter others from engaging in similar conduct.

28.     That the Plaintiff demands a jury trial.

WHEREFORE, the Plaintiff respectfully requests this Court to award the Plaintiff all unpaid wages for the remaining thirty months of her initial contract term, all additional compensation in an amount to be proven at trial, the value of any lost benefits, less any

5

sum the Plaintiff has earned in mitigation, for pre-judgment and post-judgment interest, punitive damages, as well as costs and attorneys' fees; and for all other relief to which Plaintiff may be entitled.

Respectfully submitted by:

MARY REIN

By: _____
Mary-Marsha Hardin, Plaintiff's Attorney
Arkansas Bar # 2001107
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR 72756-4525
(479) 636-0875   (479) 636-8150

6

# Exhibit A

# Exhibit B

GOOD SHEPHERD HUMANE SOCIETY, Inc.
P.O. Box 285
Eureka Springs, AR 72632


Ms. Mary Rains
Good Shepherd Animal Shelter
Highway 62
Eureka Springs, AR 72632


Re: Contract for Services - Notice of Cancellation


Dear Ms. Rains,

On behalf of the Good Shepherd Humane Society's Board of Directors I would like to thank you for your service to the Society and for your efforts in the management of the Animal Shelter.

As you are aware the previous Board of Directors entered into a "Contract for Services" with you on May 11, 2005 in which it was represented that you were an "Independent Contractor". Upon a review of the Internal Revenue Service's test for the employment of independent contractors we believe that you do not meet the standards enumerated by the IRS and that the continuation of the contract subjects our organization to possible adverse tax consequences. In light of that belief I have been asked to inform you that your contract is hereby terminated, effective immediately.

I ask that you present the keys for Animal Shelter at my office, located at 203 Public Sq., Berryville, AR 72616 or you may contact me at 423-4664 and I will arrange to pick the keys up at the Shelter or meet you at the Carroll County Courthouse and take possession of the keys there.

Again, thank you for your efforts on behalf of the Good Shepherd Humane Society, Inc.

Sincerely,

Gerald K. Crow
Board of Directors.

# Exhibit B

GOOD SHEPHERD HUMANE SOCIETY, Inc.
P.O. Box 285
Eureka Springs, AR 72632


Mr. Boyd Bush
Good Shepherd Thrift Shop
Kings Highway
Eureka Springs, AR 72632


Re:  Contract for Services  -  Notice of Cancellation


Dear Mr. Bush,

On behalf of the Good Shepherd Humane Society's Board of Directors I would like to thank you for your service to the Society and for your efforts in the management of the Thrift Stores.

As you are aware the previous Board of Directors entered into a "Contract for Services" with you on May 11, 2005 in which it was represented that you were an "Independent Contractor".  Upon a review of the Internal Revenue Service's test for the employment of independent contractors we believe that you do not meet the standards enumerated by the IRS and that the continuation of the contract subjects our organization to possible adverse tax consequences.  In light of that belief I have been asked to inform you that your contract is hereby terminated, effective immediately.

I ask that you present the keys for Thrift Stores at my office, located at 203 Public Sq., Berryville, AR 72616 or you may contact me at 423-4664 and I will arrange to pick the keys up at the Thrift Store or meet you at the Carroll County Courthouse and take possession of the keys there.

Again, thank you for your efforts on behalf of the Good Shepherd Humane Society, Inc.

Sincerely,

Gerald K. Crow
Board of Directors.

# CONTRACT FOR SERVICES

This contract for Services ("Contract") as made as of May __/ /__, 2005, by and between Mary Rein ("Rein"), an individual and resident of Carroll County, Arkansas, and The Good Shepherd Humane Society, Inc. ("GSHSI"), and Arkansas non-profit corporation with its principal place of business in Eureka Springs, Arkansas.

WHEREAS, GHSH owns and operates an animal shelter and is in need of a person to manage said location and

WHEREAS, Mary Rein has agreed to manage said shelter on the terms and conditions set forth in this Contract.

It is therefore agreed as follows:

*1. Basic Agreement.* On the terms and conditions set forth in this Contract, Mary Rein agrees to manage GSHSI's animal shelter.

*2. Term:* Subject to paragraph 5 below, this Contract shall be for a period of three years from the date of this Contract, provided that Mary Rein shall be entitled to resign her employment at any time during the said three-year period as long as she gives two-weeks prior notice. Notwithstanding the foregoing, GSHSI shall be entitled to terminate this Contract for "Cause" during the said three year period. "Cause" is specifically defined as a conviction of Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. No other circumstance or occurrence shall constitute "Cause" hereunder. Upon expiration of the initial three year term, this Contract shall automatically renew on a month-to-month basis on the same terms and conditions that are set forth herein except that GSHSI shall be entitled to terminate the Contract by giving Mary Rein thirty days prior written notice. Mary Rein shall remain entitled to terminate this Contract by giving GSHSI two weeks prior advance notice.

*3. Independent Contractor.* Mary Rein shall at all times be an independent contractor and not a GSHSI employee. The parties acknowledge that GSHSI has no authority to manage or direct Mary Rein's day to day actions and activities or the manner in which Mary Rein carries out her obligations in this Contract, and GSHSI shall not attempt to manage or direct any such activities. Mary Rein shall at all times be free to decide the specific times that she works in managing the Shelter, the method and manner of managing the Shelter, and all other things that are necessary in order to carry out her obligations herein. In setting those hours it is acknowledged that there will be times of up to two weeks that Mary Rein shall not be at the Shelter while she is on vacation or doing other things, but such times shall not exceed a total of four weeks in any calendar year. Said "off times" shall still be paid and shall not count against Mary Rein when determining whether she has worked 20 hours per week. The parties intend for said periods to be considered equivalent to "vacation periods" even though Mary Rein is not an

1

employee. It is the intent of the parties to this Contract that Mary Rein shall have wide authority and discretion to carry out her duties hereunder and neither GSHSI nor any representative of GSHSI shall exercise or attempt to exercise any control over Mary Rein except to generally monitor her performance of her duties as set forth below.

*4. Mary Rein's Duties.* In managing the Shelter, Mary Rein shall have the following rights and duties:

(a)  Recruiting, training, supervising, "hiring" and "firing" all volunteers, it being understood that there shall be no actual paid employees without the prior consent of GSHSI's board of directors;

(b) Contracting with utility service providers for the Shelter;

(c) Collect and deposit all Shelter receipts; it being understood that Mary Rein may delegate some of this responsibility from time to time;

(d) Making periodic reports to GSHSI's board of all receipts and expenditures of the Shelter;

(e) Advertising, marketing and setting prices for all Shelter services;

(f) Soliciting donations, it being understood that GSHSI and others shall also have the non-exclusive right to raise donations and Mary Rein shall not be responsible for any outside fundraisers such as (but not limited to ) style show, car washes, rabies clinic, parades, etc.

(g) Entering into contracts for maintenance and/repair of Shelter buildings and grounds at GSHSI's expense, it being understood that any single repair or replacement that costs in excess of $1000. shall have prior approval by GSHSI's board of directors'

(h) Investigating and acting on complaints against any of GSHSI's volunteers at the Shelter;

(i) Purchase supplies to maintain and run the Shelter; and

(j) All other duties which are related or incidental to the day-to-day running of the Shelter.

Mary Rein shall be entitled to check writing privileges on one or more GSHSI bank accounts in order to carry out her obligations hereunder.

*5. Compensation.* In exchange for Mary Rein devoting not less than 20 hours per week towards the duties set forth in this Contract, but subject to Mary Rein's "vacation periods" as described above, GSHSI shall pay Mary Rein $1500. per month, payable on the first day and fifteenth day of each and every month. Nothing in this Contract shall require Mary Rein to work in excess of 20 hours per week. In the event that Mary Rein deems it necessary to devote more

2

than 20 hours per week towards the duties set forth in this Contract, she shall be entitled (but not required to do so, up to a maximum of _40_ hours per week, and shall be compensated at the rate of $6.00 per hour of work actually performed in excess of 20 hours. Mary Rein shall keep records of all hours worked that exceed 20 hours per week and shall submit those records to GSHSI, which shall compensate Mary Rein for them in her next paycheck. Mary Reins' attendance at any GSHSI board meeting or special meeting shall count as time worked for purposes of calculating Mary Rein's compensation as set forth in this paragraph. GSHSI shall not withhold any payroll taxes or make any other withholdings from Mary Rein's compensation.

6. *Other Reimbursement and Benefits.* In addition to Mary Rein's compensation as set forth in paragraph 5 above, GSHSI shall reimburse Mary Rein for all expenditures she makes for supplies, operational expenditures, advertising, utilities, training expenses, fixtures, and all other expenditures that are for the benefit of the Shelter. GSHSI shall provide and maintain petty cash of not less than $125. at the Shelter to minimize Mary Rein having to spend personal money on Shelter-related items. Mary Rein shall be reimbursed at the rate of 36 cents per mile on a bi-weekly basis for all miles driven by her while performing the services set forth in this Contract. GSHSI shall also reimburse Mary Rein 100% of all repairs or replacements to any of her personal property that result from or are related to or occur when performing any of the services set forth in this Contract. Finally, GSHSI shall indemnify Mary Rein and hold her harmless from all costs, damages, amounts and expenditures (including without limitation attorney's fees and court costs) that Mary Rein incurs in connection with or that arising out of, either in whole or in part, Mary Rein performing any of the services set forth in this Contract.

7. *Illness or Disability.* In the event of Mary Rein's illness, short-term disability or other circumstances which completely prevents Mary Rein from fulfilling all of her duties under this Contract for a continuous period of more than three weeks but less than six months, Mary Rein shall still be paid all compensation that would otherwise be due to her as set forth herein, if the illness, short-term disability or other circumstances was caused, either in whole or in part, or arises out of, either in whole or in part, performance of any duties under this Contract. If said illness, short-term disability or other circumstances was wholly caused by other reasons, Mary Rein's compensation shall be suspended until such time as she begins performing services again hereunder. If any such illness, short-term disability or other circumstance completely prevents Mary Rein from fulfilling all of her duties hereunder for a continuous period of more than six months, GSHSI shall be entitled to terminate this contract upon 30 days written notice after the expiration of the said six month period, it being understood that Mary Rein shall be paid during the full six month period.

8. *No Assignment.* This Contact may not be assigned either in whole or in part without the prior written consent of the other party.

9. *Costs of Enforcement.* In the event that either party to this Contract brings an action for breach or to otherwise enforce or interpret any of the terms of this Contract and shall obtain a judgment in its favor, then said party shall be entitled to recover all costs and expenses incurred, including reasonable attorney's fees.

3

**10.** *Governing Law and Venue.* Arkansas law shall govern the interpretation and enforcement of this Contract. Any and all litigation that pertains to this Contract in any way shall be brought exclusively in the Western District of Carroll County, Arkansas.

We hereby agree to the terms of this Contract as of the date written above.

The Good Shepherd Humane Society, Inc. by

_____
Authorized Representative

_____
Mary Rein

_____
Authorized Representative

4

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

SUMMONS

PLAINTIFF:  MARY REIN                              COURT DIVISION ____

VS                                      CASE NUMBER 2005- 134

DEFENDANT:  GOOD SHEPHERD HUMANE SOCIETY

PLAINTIFF'S ATTORNEY:  MARY-MARSHA HARDIN
ATTORNEY'S ADDRESS:  119 South Second Street, Rogers, AR 72756-4525

THE STATE OF ARKANSAS TO DEFENDANT:   **GERALD K. CROW**
                                      P.O. Box 129
                                      Berryville, AR 72014

NOTICE

1.   You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.
2.   The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense.  Your pleading or answer must meet the following requirements:
    A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
    B.   It must be filed in the Court Clerk's office within **twenty** (20) days from the day you were served with this Summons.
3.   If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

    WITNESS my hand and the seal of the Court this 28th day of November, 200*.

ADDRESS OF THE CLERK'S OFFICE:          RAMONA WILSON, CLERK
Carroll County Courthouse
Eureka Springs, Arkansas 72632         By _____ D.C.

SHERIFF'S RETURN

STATE OF _____, COUNTY OF _____

ON THIS _____ DAY OF _____, 2005, AT _____ O'CLOCK _____.M., I HAVE DULY SERVED THE WITHIN
SUMMONS BY DELIVERING A COPY THEREOF (OR STATING THE SUBSTANCE THEREOF), TOGETHER WITH A COPY OF THE COMPLAINT
TO _____, SUCH PERSON BEING:  (CHECK APPLICABLE LINE)

____  THE PERSON NAMED HEREIN AS DEFENDANT.

____  ANY PERSON, 14 YEARS OR AGE OR OLDER AT DEFENDANT'S USUAL PLACE OF ABODE NAMELY, _____

____  THE DULY DESIGNATED AGENT FOR SERVICE OF PROCESS FOR THE DEFENDANT NAMELY, _____

____  OTHER _____

IN CARROLL COUNTY, ARKANSAS

                              _____, SHERIFF

                              BY _____ D.S.

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

MARY REIN                                                           PLAINTIFF

VS.                                    CIV 2005-134

GOOD SHEPHERD HUMANE SOCIETY                                        DEFENDANT

## ANSWER AND MOTION TO CONSOLIDATE

Comes now the Defendant, Good Shepherd Humane Society, by and through its

attorney, Gerald K. Crow, Attorney at Law, PLC, and for its Answer, states:

1.      That Defendant admits Paragraph number one of Plaintiff's Complaint.

2.      That Defendant admits Paragraph number two of Plaintiff's Complaint.

3.      That Defendant admits that this Court has subject matter jurisdiction, but

denies the remainder of Paragraph number three of Plaintiff's Complaint.

4.      That Defendant admits Paragraph number four of Plaintiff's Complaint.

5.      That Defendant admits the allegation in Paragraph number 5 of Plaintiff's

Complaint but pleads in the alternative that the position and contract were entered into by

the previous Board of Directors who were subsequently voted out of office by the general

membership and that the previous Board should be held jointly and individually

responsible for any damages awarded on the contract.

6.      That Defendant admits the allegations in paragraph number six (6) of the

Complaint in that Plaintiff accepted an offer from the previous Board of Directors offer

for services which the current Board contends was illegal.

7. Defendant states that the allegation contained in paragraph number seven (7), eight (8), nine (9) ten (10) and eleven (11) of the Complaint recites terms contained in the Contract which speaks for itself and does not require to be admitted or denied.

8. That the Defendant admits Paragraph number twelve (12) of Plaintiff's Complaint.

9. That the Defendant admits Paragraph number thirteen (13)of Plaintiff's Complaint.

10. That the Defendant admits Paragraph number fourteen(14) of Plaintiff's Complaint.

11. That Defendant denies Paragraph number fifteen (15) of Plaintiff's Complaint.

12. That Defendant denies Paragraph number seventeen (17) of Plaintiff's Complaint in that the Defendant named herein, did not enter into a contract with Plaintiff, but that Plaintiff entered into a contract with select board members and not by the vote of the members.

17. That the statements in paragraph number eighteen (18) and nineteen (19) recite provisions of the Contract which speaks for itself and does not require admission or denial.

18. That Defendant denies Paragraph number twenty (20) of Plaintiff's Complaint.

19. That Defendant does not have sufficient information at this time to admit or deny Paragraph number twenty-one (21) of Plaintiff's Complaint and reserves the right to amend this Answer upon the completion of discovery. Pleading in the

alternative, the Plaintiff's performance is not relevant under the terms of an illegal contract.

20.     That Defendant denies Paragraph number twenty-two (22), twenty three (23), twenty four (24), twenty five (25), twenty six (26) and twenty seven (27) of Plaintiff's Complaint.


WHEREFORE, PREMISES CONSIDERED, THE DEFENDANT moves this Court to dismiss the Complaint filed herein and for all other relief to which it may be entitled.


## MOTION FOR CONSOLIDATION

Pursuant to and in accordance with A.R.C.P. 42, Defendant, Good Shepherd Humane Society submits this Motion to Consolidate.

1.     On October 10, 2005 , The Bank of Eureka Springs, Arkansas filed a Complaint in the Circuit Court of Carroll County, Arkansas, No. CIV 2005-103, seeking a declaratory judgment with regard to monies being held by the Bank of Eureka Springs. That in response thereto on October 14, 2005 the Good Shepherd Humane Society, Inc. filed a Motion to Intervene and Answer to the Motion for Declaratory Judgment.

2. That on December 9, 2005 the Good Shepherd Humane Society, Inc. caused the Motion for Declaratory Judgment, Motion to Intervene and Answer on Mr. Marty Martinek, the previous president of the Board of Directors of the Good Shepherd Humane Society, Inc. and former Registered Agent for the Corporation.

That Mr. Boyd Bush was also served a copy of the aforesaid documents by Certified Mail on December 6, 2005.

3.    On November 28, 2005, Boyd Bush and Mary Rein filed Complaints against The Good Shepherd Humane Society, Inc. in the Circuit Court of Carroll County, Arkansas, Nos. CIV 2005-135 and CIV 2005-134, in which they claim Breach of Contract against the Good Shepherd Humane Society, and in which they seek an unspecified amount of damages.

3.    The causes of action are of a like nature, involve the same defendant, involve the same plaintiffs and involve the same attorneys.  In order to prevent multiplicity of suits, to conserve the time of the Court, to eliminate unnecessary expense on the part of the county and on the part of the parties and for the fair administration of justice, this Court should consolidate Carroll County Circuit Court Case No. CIV 2005-103, Carroll County Circuit Court Case No. CIV 2005-134 and Carroll County Court Case No. CIV 2005-135.

WHEREFORE, DEFENDANT, GOOD SHEPARD HUMANE SOCIETY PRAYS Plaintiff's Complaint be dismissed, for costs and reasonable attorney's fees, and for all other just and proper relief to which Defendant may be entitled; Defendant further Prays that this Court consolidate Cases CIV 2005 – 103, styled The Bank of Eureka Springs vs. Marty Martinek, Body Bush, Shirley Tinkis, Carter Rein, Marilyn Stockwell, Maggie Tatum, Sharon Jacobson and David Rush, as Previous Board Members of the Good Shepherd Humane Society, Inc., CIV 2005-134 styled Mary Rein vs. Good

Shepherd Humane Society, Inc. and CIV 2005-135, styled Boyd Bush vs. Good Shepherd

Humane Society, for trial, and for all other necessary and proper relief.

Respectfully submitted:

The Good Shepherd Humane Society, Inc.


BY: _____

Gerald K. Crow      ABN 90100
Attorney At Law, PLC
203 Public Square
P.O. Box 129
Berryville, AR  72616
(870) 423-4664
(870) 423-3733  FAX

## CERTIFICATE OF SERVICE

I, Gerald K. Crow, hereby certify that I have caused a true and correct copy of the foregoing Answer and Motion to Consolidate to be served upon opposing counsel by placing same in the U.S. Mail, postage prepaid this 28th day of December, 2005, to:

Ms. Mary-Marsha Hardin
MATTHEWS, CAMPBELL, RHOADS,
McCLURE, THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR  72756-4525

Mr. Scott P. Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR  72703

Mr. Gene A. Franco
LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR  27264-5273

J. Christopher Harris
Attorney at Law
224 South 2nd St.
Rogers, AR 72756

Gerald K. Crow

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

MARY REIN                                                          PLAINTIFF

vs.                                    Case No. CIV-2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                      DEFENDANT

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO CONSOLIDATE

Comes now the Plaintiff, Mary Rein, by and through her attorneys, Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf, P.A., and for her Objection to the Motion to Consolidate filed by the Defendant, Good Shepherd Humane Society, Inc., states as follows:

1.     That the Plaintiff does not have sufficient information at this time to admit or deny the allegations contained in Paragraph 1 of the Defendant's Motion to Consolidate as the Plaintiff's counsel has not yet been provided with copies of such alleged pleadings.

2.     That the Plaintiff does not have sufficient information at this time to admit or deny the allegations contained in Paragraph 2 of the Defendant's Motion to Consolidate

3.     That the Plaintiff admits the allegations contained in Paragraph 3 of the Defendant's Motion to Consolidate.

4.     That the Plaintiff denies the allegations contained in Paragraph 4 of the Defendant's Motion to Consolidate. The Complaint filed by the Plaintiff against the Defendant on November 28, 2005, is strictly limited to the issue of the Defendant's breach of the Contract for Services entered into by the Plaintiff and the Defendant on

1

⊗

May 11, 2005. The Plaintiff is not a party to Carroll County Circuit Court Case No. CIV 2005-103, nor was she involved in the procurement, authorization, execution, or delivery of the Mortgage filed with the Clerk of the Carroll County Circuit Court on October 3, 2005. The Plaintiff is also not a party and is uninvolved with Carroll County Circuit Court Case No. CIV 2005-135.

5. That the consolidation of the present case with Carroll County Circuit Court Cases No. CIV 2005-103 and No. CIV 2005-135 would be in direct contravention of the purpose of Arkansas Rule of Civil Procedure No. 42 as the Plaintiff, Mary Rein, would surely be prejudiced by such consolidation. Contrary to the assertion of the Defendant, the Plaintiff would be deprived of the opportunity to experience a fair administration of justice. She is not a party to either of the cases the Defendant wishes to have this Court consolidate with her case, and in the event this Court granted the Defendant's request for consolidation, the Plaintiff would be deprived of the opportunity to present her case to the jury unencumbered by the confusion of additional issues about which she is uninvolved and has no knowledge.

6. That the consolidation of the Plaintiff's case with Carroll County Circuit Court Cases No. CIV 2005-103 and No. CIV 2005-135 would cause the jury confusion and difficulty distinguishing between the different and distinct claims of all the respective parties. This confusion and difficultly would result in the Plaintiff being prejudiced unnecessarily.

WHEREFORE, in order to avoid undue prejudice, the Plaintiff respectfully requests that this Court deny the Defendant's Motion to Consolidate the present case with Carroll County Circuit Court Cases No. CIV 2005-103 and No. CIV 2005-135 and

2

for all other relief to which Plaintiff may be entitled.

Respectfully submitted by:

MARY REIN, Plaintiff

By: _____
Mary-Marsha Hardin, Her Attorney
Arkansas Bar # 2001107
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR 72756-4525
P:  (479) 636-0875  F:  (479) 636-8150

## CERTIFICATE OF SERVICE

I, Mary-Marsha Hardin, attorney for Plaintiff in the above entitled cause, hereby certify that I have served a true and correct copy of the above and foregoing pleading upon the following on this 5th day of January, 2006, by placing same in the United States mail, postage prepaid:

Mr. Gerald K. Crow
Attorney at Law, PLC
203 Public Square
P.O. Box 129
Berryville, AR 72616

Mr. Scott Harrison
The Harrison Law Firm
2928 McKee Circle
Suite 121
Fayetteville, AR 72703

Mr. Gene Franco
Lisle Law Firm, P.A.
1458 Plaza Place
Suite 101
Springdale, AR 72764-5273

J. Christopher Harris
Attorney at Law
224 South 2nd Street
Rogers, AR 72756

_____
Mary-Marsha Hardin

3



19TH JUDICIAL DISTRICT · EAST

# STATE OF ARKANSAS
# CARROLL COUNTY
124 NORTH MAIN · P.O. DRAWER 231
BERRYVILLE, AR 72616

ALAN D. EPLEY
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

March 13, 2006

Mr. Gerald K. Crow             Fax: 870-423-3733
Attorney at Law
P. O. Box 129
Berryville, AR 72616

Ms. Mary-Marsha Hardin         Fax: 479-636-8150
Matthews, Campbell, Rhoads,
  McClure, Thompson & Fryauf
119 South Second Street
Rogers, AR 72756-4525

Mr. Gene A. Franco             Fax: 479-751-6792
Lisle Law Firm, P.A.
1458 Plaza Place, Suite 101
Springdale, AR 72764-5273

Re:   Rein v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-134

      Bush v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-135

Dear Attorneys:

The hearing on the motion to consolidate scheduled in the above matters for March 14, 2006, is vacated. Please notify all parties. Be advised that the matter will be rescheduled for a later date.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:   Scott Harrison

## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
## WESTERN DISTRICT
## CIVIL DIVISION

MARY REIN .                                               PLAINTIFFS

VS.                                    NO. CIV 2005-134

GOOD SHEPHERD HUMANE SOCIETY, INC.                    DEFENDANT

### NOTICE OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS
### PROPOUNDED TO PLAINTIFF

For all concerned parties, you are hereby notified that on this 18th day of April,

2006, I caused to be mailed to Mary-Marsha Hardin, Attorney for Plaintiff herein, a set

of Interrogatories which totaled twenty seven (27) in number and Request for Production

of Documents which totaled four (4) in number.

Respectfully submitted this 18th day of April, 2006.

The Good Shepherd Humane Society, Inc.
Plaintiffs.

By:

Gerald K. Crow      ABN  90100
Attorney At Law, PLC
03 Public Square
P.O. Box 129
Berryville, AR  72616
(870) 423-4664
(870) 423-3733   FAX



## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

**MARY REIN**                                                                    **PLAINTIFF**

**vs.**                                         **Case No. CIV-2005-134**

**GOOD SHEPHERD HUMANE
SOCIETY, INC.**                                                      **DEFENDANT**

### ENTRY OF APPEARANCE

C. Eric Vester, attorney for Mary Rein., Plaintiff herein, respectfully requests that

he be noted as an attorney of record for Plaintiff in the matter at hand.

> MARY REIN,
> PLAINTIFF
>
> By: _C. Vester_____
> C. Eric Vester, Their Attorney
> Arkansas Bar #2005231
> MATTHEWS, CAMPBELL, RHOADS, McCLURE,
> THOMPSON & FRYAUF, P.A.
> 119 South Second Street
> Rogers, Arkansas 72756-4525
> (479) 636-0875   (479) 636-8150-Fax

### CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff in the above entitled cause, hereby certify that I have served a true and correct copy of the above and foregoing pleading upon the following on this 24th day of April, 2006, by placing same in the United States mail, postage prepaid:

Mr. Gerald K. Crow
Attorney at Law, PLC
203 Public Square
P.O. Box 129
Berryville, AR 72616

_C. Vester_____
C. Eric Vester

1

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION


MARY REIN                                                          PLAINTIFF

CIV 2005-134


GOOD SHEPHERD HUMANE SOCIETY, INC.                    DEFENDANT
                                                  (Third Party Plaintiff)

vs.

MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS,
SHIRLEY TINKIS, CARTER REIN, MAGGIE TATUM
MARILYN STOCKWELL, SHARON JACOBSON
AND DAVID RUSH AS PREVIOUS BOARD
MEMBERS OF THE GOOD SHEPHERD
HUMANE SOCIETY, INC.                           THIRD PARTY DEFENDANTS


MOTION TO WITHDRAW AS COUNSEL

Comes now Gerald K. Crow, Attorney at Law, and for his Motion to withdraw as

Counsel for the Defendant and Third Party Plaintiff, Good Shepherd Humane Society,

Inc, in the above styled matter does state:

FILED
Ramona Wilson
OCT 1 6 2006
CARROLL COUNTY
WESTERN DISTRICT

1. I am the attorney of record for the Defendant, The Good Shepherd Humane

    Society, Inc. in the matter listed herein above.

2. That I have been appointed to serve as a District Court Judge for a period of two

    years beginning September 21st, 2006 and ending December 31st, 2008.

3. That I serve as a Director on the Board of the Good Shepherd Humane Society,

    Inc. and that the By-Laws of that organization defines, in part, the following

    purpose of the organization:

The prevention of cruelty and neglect of animals; to seek enforcement of laws which are now or may hereinafter be enacted for the protection of animals; the relief of suffering among animals and the extension of public education for the humane treatment of animals and the promotion of kindness and gentleness toward animals.

The Society shall in no way violate or interfere with the laws enacted for the protection of animals by the State of Arkansas or by Carroll County or the Cities located therein but will seek, by all lawful means, the arrest and conviction of any persons violating such laws and ordinances.

4. That Canons 1 and 2 of the Arkansas Code of Judicial Conduct require a judge to maintain the independence of the judiciary and the avoidance of any activity that would call into question the integrity of the judge or erode the public's confidence in the judiciary.

5. That the District Courts are charged with the adjudication of matters which may involve the maltreatment of animals and my continued representation of the Good Shepherd Humane Society, Inc. or service on the Board of Directors, may create a concern in the public's view of my ability to remain impartial in future matters which come before the District Court of Carroll County.

6. That this matter has not been set for trial, and therefore the Good Shepherd Humane Society, Inc., has time to employ other counsel.

7. That movant stands ready to tender to his client all papers and property to which it is entitled.

8. That there is no unearned fee or part of a fee to be refunded.

9. That the Good Shepherd Humane Society's address is 6486 Hwy 62 West, Eureka Springs, AR 72632 and its telephone number is (479) 253-9188. That the Clerk of this Court may serve future notices on the Society at the

Bush vs. GSHS
Carroll County Circuit No. CV 2005-135 (WD)
Motion to Withdraw

2

above address until such time as substitute counsel is retained by the

Good Shepherd Humane Society, Inc.

WHEREFORE, PREMISES CONSIDERED, the attorney herein moves to withdraw from

this matter.

Dated:  October 12, 2006

Gerald K. Crow
Attorney at Law, PLC

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties in the foregoing matter
with a copy of this pleading by depositing same in the United States Mail and
transmitting a faxed copy properly addressed with adequate postage thereon this /3 th
day of October, 2006 to:

Mr. Gene A. Franco
LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR 72764-5273

Mr. Eric Vester
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR 72756-4525

Mr. Jeff Conner
Attorney at Law
3398 E. Huntsville Rd.
Fayetteville, AR 72701

J. Christopher Harris
Attorney at Law
224 South 2nd Street
Rogers, AR 72756

Bush vs. GSHS                                                                                                  3
Carroll County Circuit No. CV 2005-135 (WD)
Motion to Withdraw

Mr. Scott Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR 72703

Mr. Marty Martinek
484 Paradise Mtn. Rd.
Eureka Springs, AR 72632

Mr. Carter Rein
P.O. Box 3068
Eureka Springs, AR 72631

Mr. David Rush
3022 E. Van Buren
Suite E
Eureka Springs, AR 72632

Sharon Jacobson
57 Table Rock Dr.
Holiday Island, AR 72631

Shirley Tinkis
575 Lakeshore Drive
Eureka Springs, AR 72631

George Harris
5 White Oak Dr.
Holiday Island, AR 72631

Gerald K. Crow

Bush vs. GSHS                                                              4
Carroll County Circuit No. CV 2005-135 (WD)
Motion to Withdraw

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

MARY REIN                                                                  PLAINTIFF

CIV 2005-134

GOOD SHEPHERD HUMANE SOCIETY, INC.                    DEFENDANT
                                                                              (Third Party Plaintiff)

vs.

MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS,
SHIRLEY TINKIS, CARTER REIN, MAGGIE TATUM
MARILYN STOCKWELL, SHARON JACOBSON
AND DAVID RUSH AS PREVIOUS BOARD
MEMBERS OF THE GOOD SHEPHERD
HUMANE SOCIETY, INC.                                        THIRD PARTY DEFENDANTS

## ORDER ALLOWING WITHDRAWAL

Comes now on this __15__ day of October 2006 for hearing in the above entitled and

numbered cause Counsel's Motion to Withdraw and upon matters presented to the Court

and statements of Counsel the Motion is hereby granted.


HON. ALAN D. EPLEY,
CIRCUIT JUDGE

FILED
Ramona Wilson
OCT 24 2006
CIRCUIT CLERK
WESTERN DISTRICT
CARROLL COUNTY

W0665

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

MARY REIN                      ..................................................... PLAINTIFF

VS.                            Case No. CV-2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                  .................................................. DEFENDANT

## REQUESTS FOR ADMISSION

Comes now the Plaintiff, Mary Rein, and for her Requests for Admission, to the Defendant, Good Shepherd Humane Society, Inc., states as follows:

**REQUEST FOR ADMISSION NO. 1:**    Admit that the Plaintiff and the Defendant validly entered into a Contract for Services on May 11, 2005.

**REQUEST FOR ADMISSION NO. 2:**    Admit that, pursuant to the Contract for Services, the term of said Contract for Services was for a period of three years from May 11, 2005.

**REQUEST FOR ADMISSION NO. 3:**    Admit that, pursuant to the Contract for Services, the Defendant could only terminate the Contract for Services for cause, which was specifically defined in the Contract for Services as "a conviction of Mary Rein in a court of competent jurisdiction of any crime that it classified as a felony under Arkansas or Federal law."

**REQUEST FOR ADMISSION NO. 4:**    Admit that, pursuant to the Contract for Services, no other circumstance or occurrence other than a conviction of Mary Rein in a court of competent jurisdiction of any crime that is

1

classified as a felony under Arkansas or Federal law would constitute cause for the Defendant to terminate the Contract for Services.

**REQUEST FOR ADMISSION NO. 5:** Admit that Plaintiff has not been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law.

**REQUEST FOR ADMISSION NO. 6:** Admit that the Plaintiff fulfilled her obligations under the Contract for Services.

**REQUEST FOR ADMISSION NO. 7:** Admit that, pursuant to the Contract for Services, Mary Rein was to be compensated at the rate of $1,500.00 per month, plus $6.00 per hour of work actually performed in excess of 20 hours per week.

**REQUEST FOR ADMISSION NO. 8:** Admit that the Defendant terminated the Contract for Services between the Plaintiff and the Defendant on October 17, 2005.

**REQUEST FOR ADMISSION NO. 9:** Admit that the Defendant did not terminate the Contract for Services because the Plaintiff had been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law.

**REQUEST FOR ADMISSION NO. 10:** Admit that the Defendant terminated the Contract for Services without cause, which was specifically defined in the Contract for Services as "a conviction of Mary Rein in a court of competent jurisdiction of any crime that it classified as a felony under Arkansas or Federal law."

**REQUEST FOR ADMISSION NO. 11:** Admit that the Plaintiff was deprived of 30 months of salary due to the termination by the Defendant of the Contract for Services.

DATED this 28th day of November, 2006.

MARY REIN,
Plaintiff

By: _C. E. Vester_

C. Eric Vester, Her Attorney
Arkansas Bar #2005231
MATTHEWS, CAMPBELL, RHOADS,
McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756-4525
(479) 636-0875   (479) 636-8150-Fax

## CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff herein, state that I have on this 28th day of November, 2006, mailed a true and correct copy of the above and foregoing instrument to Mr. John Reeve, President, Good Shepherd Humane Society, P.O. Box 285, Eureka Springs, AR 72632, in the United States mail, postage prepaid.

_C. E. Vester_

C. Eric Vester

3

## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### CIVIL DIVISION, WESTERN DISTRICT

**MARY REIN**                                                              **PLAINTIFF**

VS.                                        NO. CV- 2005-134

**GOOD SHEPHERD HUMANE
SOCIETY, INC.**                                                       **DEFENDANT**

### APPEARANCE

Rachel A. Runnels, Attorney at Law, for her entry of appearance, states:

1.     I have been employed as counsel on behalf of Good Shepherd Humane Society, Inc. I respectfully request the Clerk enter my name as attorney of record for the aforesaid party in this case.

2.     I further request that copies of all pleadings and other papers served or filed in this action be served upon me.

Respectfully submitted,

_Rachel A. Runnels_
Rachel A. Runnels, Bar No. 2003044
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632
(479) 253-0300 (Phone)
(479) 253-0301 (Fax)

### CERTIFICATE OF SERVICE

I, Rachel A. Runnels, do hereby certify that I have served/will serve a true and correct copy of the above and foregoing document on this _27_ day of _____, 200_6_, by fax and/or mail delivery to Attorney for Plaintiff herein:

Mr. C. Eric Vester
Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR 72756-4525

_Rachel A. Runnels_
Rachel A. Runnels