IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
CIVIL DIVISION, WESTERN DISTRICT

MARY REIN                                              PLAINTIFF

VS.                          NO. CV 2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                          DEFENDANT

## RESPONSE TO REQUESTS FOR ADMISSION

COMES NOW, Defendant, and for his response to Plaintiff's Requests For Admission, states as follows:

1. Defendant denies the Request for Admission Number 1.

2. Defendant denies the Request for Admission Number 2.

3. Defendant denies the Request for Admission Number 3.

4. Defendant denies the Request for Admission Number 4.

5. Defendant lacks knowledge and/or information sufficient to Admit or Deny Request for Admission Number 5, and accordingly denies the same.

6. Defendant denies the Request for Admission Number 6.

7. Defendant denies the Request for Admission Number 7.

8. Defendant denies the Request for Admission Number 8.

9. Defendant denies the Request for Admission Number 9.

10. Defendant denies the Request for Admission Number 10.

11. Defendant denies the Request for Admission Number 11.

Respectfully submitted,

Rachel A. Runnels, Bar No. 2003044
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632
(479) 253-0300 (Phone)
(479) 253-0301 (Fax)

FILED
Ramona Wilson
DEC 2 7 2006
CIRCUIT CLERK
CARROLL COUNTY
WESTERN DISTRICT

## CERTIFICATE OF SERVICE

I, Rachel A. Runnels, do hereby certify that I have served/will serve a true and correct copy of the above and foregoing document on this _27_ day of _December_, 200_6_, by fax and/or mail delivery to Attorney for Plaintiff herein:

Mr. C. Eric Vester
Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR 72756-4525

_Rachel A. Runnels_
Rachel A. Runnels

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

MARY REIN ...................................................PLAINTIFF

VS Case No: CV-2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC. ............................................... DEFENDANTS

## MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Mary Rein, by and through her attorneys, and for her Motion for Summary Judgment, states:

1. The Plaintiff has sued the Defendant, Good Shepherd Humane Society, Inc., asserting a breach of contract for services.

2. Summary Judgment is proper where there is no genuine issue as to any material fact and where the movant is entitled to judgment as a matter of law. Ark. R. Civ. P. 56.

3. A Brief in Support of this Motion for Summary Judgment is filed herewith and incorporated herein word for word. For the reasons enunciated in the Brief in Support, the Plaintiff is entitled to judgment as a matter of law.

4. The affidavit of Mary Rein is attached to the Brief in Support of this Motion for Summary Judgment as Exhibit "A" and incorporated herein word for word.

5. The affidavit of Carter Rein is attached to the Brief in Support of this Motion for Summary Judgment as Exhibit "B" and incorporated herein word for word.

6. A copy of the employment contract at issue and relevant portions of the

1

Defendant's Responses to Interrogatories and Requests for Production are attached to the Brief in Support of this Motion for Summary Judgment as Exhibit "C" and Exhibit "D" respectively and incorporated herein word for word.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mary Rein, prays for summary judgment on the grounds set forth herein, for her costs and attorney fees incurred herein, and for all other relief to which she may be entitled.

MARY REIN, Plaintiff

By: _C. Vest_____

C. Eric Vester, Her Attorney
Arkansas Bar #2005231
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756-4525
(479) 636-0875    (479) 636-8150-Fax

## CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff herein, state that I have on this 1st day of February, 2007, mailed a true and correct copy of the above and foregoing instrument to the attorney for Defendant, Rachel A. Runnels, Attorney at Law, 121 Spring Street, Eureka Springs, AR 72632, in the United States mail, postage prepaid.

_C. Vest_____

C. Eric Vester

2

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

MARY REIN ..........................................................PLAINTIFF

VS Case No: <u>CV-2005-134</u>

GOOD SHEPHERD HUMANE
SOCIETY, INC. ................................................ DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Mary Rein, by and through her attorneys, and for her Brief in Support of Motion for Summary Judgment, states:

### I. SUMMARY OF FACTS

The Plaintiff entered into a contract for services with the Defendant. Mary Rein Aff. ¶ 2 attached as Exhibit "A"; Carter Rein Aff. ¶ 2 attached as Exhibit "B". Said contract was executed on May 11, 2005. Contract attached as Exhibit "C". The contract for services stated that the Plaintiff was to provide services to the Defendant for a period of three years from May 11, 2005. The contract for services further provided that the Defendant could only terminate the contract for services for "Cause." "Cause" was specifically defined as "a conviction of [the Plaintiff] Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law." The contract for services further specified that "[n]o other circumstances or occurrence shall constitute "Cause" hereunder."

On or about October 17, 2005, the Defendant terminated the contract for services between the Plaintiff and the Defendant with thirty months remaining on her

1

contract term. The Defendant terminated the Plaintiff even though the Plaintiff had not been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. Mary Rein Aff., ¶ 3.

## II. STANDARD OF REVIEW

Summary judgments in Arkansas are governed by Arkansas Rule of Civil Procedure 56 and may be granted when "there is no genuine issue as to any material fact" and when the movant is entitled to judgment as a matter of law. *Renfro v. Adkins*, 914 S.W.2d 306, 309-310 (Ark. 1996). Summary judgment is now viewed by Arkansas courts as a tool in the trial court's "efficiency arsenal." *Chavers v. General Motors Corp.*, 79 S.W.3d 361, 367 (Ark. 2002). This Court should look to the pleadings, depositions, answers to interrogatories and affidavits in deciding this motion for summary judgment. Ark. R. Civ. P. 56(c)(2). Summary judgment is proper in this case. There are no genuine issues as to the material facts; the facts are well established as is evidenced by the referenced affidavit, the Defendant's Answer, and the Defendant's Responses to Interrogatories. Consequently, the Plaintiff is entitled to judgment as a matter of law.

## III. ARGUMENT

### A. The Uncontroverted Facts Support the Plaintiff's Claim for Breach of Contract for Services

The Plaintiff is claiming the Defendant breached a contract for services. In order to recover, the Plaintiff must prove the following: (1) That the Plaintiff and the Defendant entered into a contract; (2) that the contract required the Defendant to perform or not perform a certain act; (3) that the Plaintiff did what the contract required of her; and (4) that the Defendant did not do what the contract required of it. AMI 2401.

2

The Plaintiff asserted in her complaint that she and the Defendant entered into a valid contract. The attached affidavits reveal that the Plaintiff and the Defendant entered into a valid contract. Mary Rein Aff. ¶ 2 attached as Exhibit "A"; Carter Rein Aff. ¶ 2, 4, and 5 attached as Exhibit "B".

The contract, which had a three-year term, unambiguously required the Defendant to pay the Plaintiff a monthly base salary plus extra compensation for work over 20 hours a week and that the Defendant could only terminate the Plaintiff for "Cause," which was specifically defined as a conviction of [the Plaintiff] Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law." The Defendant did not terminate the Plaintiff's contract for "Cause," as defined in the contract as she has not be convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. Mary Rein Aff. ¶ 3 attached as Exhibit "A". With that said, the Defendant diligently and consistently fulfilled her obligations under the Contract for Services, but was terminated despite never being convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal Law. Mary Rein Affidavit ¶ 3, 4, and 5 attached as Exhibit "A". Consequently, the Defendant is in breach of contract as a matter of law.

## B. As a Matter of Law, the Contract for Services Was Not An Illegal Contract

The Defendant's defense hinges on whether there was no contract for services between the Plaintiff and the Defendant because the contract for services was an illegal contract. Arkansas case law does not support the assertion that this contract was illegal.

3

The general rule in Arkansas relating to illegal contracts is that "where an illegal contract has been made, [the court] will [not] interpose to grant relief to the parties, but will leave them where [it] finds them, if they have been equally cognizant of the illegality." Womack v. Maner, 227 Ark. 786, 788 (1957). Further, courts will offer no aid to classes of contract which are "immoral or illegal, or which are prohibited by law or public policy, or which are in excess of the power of the parties to make." Arkansas State Highway Comm. v. Keaton, 187 Ark. 306, 311 (1933). However, Arkansas courts have held, "[t]he power of the courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and... should be exercised only in cases free from doubt." Watts v. Life Ins. Co. of Arkansas, 30 Ark. App. 39, 44 (1990) (quoting Sirman v. Sloss Realty Co., 198 Ark. 534 (1939).

A plain review of the unambiguous language of the contract for services reveals that this contract is in no way "immoral or illegal, or which [is] prohibited by law or public policy." See Arkansas State Highway Comm. at 311. Numerous examples of contractual attempts to enter into illegal contracts include: aid the enemy of a government, bribe officials, interfere with the duty of public servants, to withhold evidence, to suppress criminal prosecution, to induce perjury, and to violate securities requirements. See Law of Damages, Brill, 5th Edition, p. 340. The contract for services at issue in this case does not fall into one of these categories – this contract was simply one where the Plaintiff agreed to provide certain obviously legal services to the Defendant. Moreover, courts should only characterize a contract as void "in cases free from doubt." See Watts at 44.

Even if the Court characterized this contract for services as illegal (which the

4

Plaintiff vehemently disputes), the Court should still enforce the contract. When a party is not in "pari delicto" or otherwise "not a participant in the wrong at all," an illegal contract is enforceable by that party not in "pari delicto." Dillard v. Kelley, 205 Ark. 848, 851 (1943). There is no indication that the Plaintiff took part in drafting this contract. See Defendant's Responses to First Int., #10. Furthermore, there is no proof whatsoever that the Plaintiff had any intent to deceive the Plaintiff or was "equally cognizant of the illegality" of the contract. See Womack at 788.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mary Rein, prays for summary judgment on the grounds set forth herein, for her costs and attorney fees incurred herein, and for all other relief to which she may be entitled.

5

MARY REIN, Plaintiff


By: C. Srcvst

C. Eric Vester, Her Attorney
Arkansas Bar #2005231
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756-4525
(479) 636-0875   (479) 636-8150-Fax


## CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff herein, state that I have on this 1st day of February, 2007, mailed a true and correct copy of the above and foregoing instrument to the attorney for Defendant, Rachel A. Runnels, Attorney at Law, 121 Spring Street, Eureka Springs, AR 72632, in the United States mail, postage prepaid.


C. Eric Vester

6

# EXHIBIT

# "A"

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

MARY REIN ...................................................... PLAINTIFF

VS                          Case No: <u>CV-2005-134</u>

GOOD SHEPHERD HUMANE
SOCIETY, INC.               ................................................. DEFENDANTS

## <u>AFFIDAVIT</u>

COMES NOW, Mary Rein and, for this Affidavit respectfully alleges and states:

1.      That I am of legal age and competent to testify.

2.      That I signed and entered into the Contract for Services, dated May 11, 2005, by and between Mary Rein and Good Shepherd Humane Society, Inc.

3.      That I have not been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law.

4.      That I diligently and consistently fulfilled my obligations under the Contract for Services.

5.      That Good Shepherd Humane Society, Inc. discharged and terminated my Contract for Services even though I have never been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law.

FURTHER AFFIANT SAYETH NOT.

1

_____
Mary Rein

STATE OF ARKANSAS           )
                            ) SS
COUNTY OF _BENTON_          )

     BE IT REMEMBERED, that on this day came before the undersigned, a Notary Public within and for the County and State aforesaid, duly commissioned and acting, Mary Rein, to me well known as the Affiant in the foregoing Affidavit, and stated that this person had executed the same for the consideration and purposes therein mentioned and set forth.

     WITNESS my hand and seal as such Notary Public this _29th_ day of _January_, 200_7_.

My Commission Expires:

OFFICIAL SEAL
**JUDITH A. SEARS**
NOTARY PUBLIC, ARKANSAS
BENTON COUNTY
COMMISSION EXP. 04/15/2012

_____
Notary Public

2

# EXHIBIT

# "B"

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

MARY REIN                   ........................................................PLAINTIFF

VS                                  Case No: <u>CV-2005-134</u>

GOOD SHEPHERD HUMANE
SOCIETY, INC.                  ..................................................DEFENDANT

## AFFIDAVIT

COMES NOW, Carter Rein and, for his Affidavit respectfully alleges and states:

1. That I am of legal age and competent to testify.

2. That I signed the Contract for Services, dated May 11, 2005, by and between Mary Rein and Good Shepherd Humane Society, Inc.

3. That on May 11, 2005, I was a director at Good Shepherd Humane Society, Inc.

4. That I had the authority to enter into the above mentioned Contract for Services on behalf of Good Shepherd Humane Society, Inc.

5. That the other individuals, David Rush, Sharon Jacobson, Maggie Tatum, Marilyn Stockwell, Shirley Tinkis, Marty Martinek, and George Harris who signed the Contract for Services had the authority to enter into the Contract for Services on behalf of Good Shepherd Humane Society, Inc.

FURTHER AFFIANT SAYETH NOT.

1

Carter Rein

STATE OF ARKANSAS )
)SS
COUNTY OF _Carroll_ )

    BE IT REMEMBERED, that on this day came before the undersigned, a Notary Public within and for the County and State aforesaid, duly commissioned and acting, Carter Rein, to me well known as the Affiant in the foregoing Affidavit, and stated that this person had executed the same for the consideration and purposes therein mentioned and set forth.

    WITNESS my hand and seal as such Notary Public this _26th_ day of _January_, 200_7_.

My Commission Expires:

_11-3-2015_

Notary Public

Michael D. Straley    Notary Public
Carroll County    State Of Arkansas
My Commission Expires Nov. 3, 2015

2

# EXHIBIT

# "C"

# CONTRACT FOR SERVICES

This contract for Services ("Contract") as made as of May __//__, 2005, by and between Mary Rein ("Rein"), an individual and resident of Carroll County, Arkansas, and The Good Shepherd Humane Society, Inc. ("GSHSI"), and Arkansas non-profit corporation with its principal place of business in Eureka Springs, Arkansas.

WHEREAS, GHSH owns and operates an animal shelter and is in need of a person to manage said location and

WHEREAS, Mary Rein has agreed to manage said shelter on the terms and conditions set forth in this Contract.

It is therefore agreed as follows:

*1. Basic Agreement.* On the terms and conditions set forth in this Contract, Mary Rein agrees to manage GSHSI's animal shelter.

*2. Term:* Subject to paragraph 5 below, this Contract shall be for a period of three years from the date of this Contract, provided that Mary Rein shall be entitled to resign her employment at any time during the said three-year period as long as she gives two-weeks prior notice. Notwithstanding the foregoing, GSHSI shall be entitled to terminate this Contract for "Cause" during the said three year period. "Cause" is specifically defined as a conviction of Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. No other circumstance or occurrence shall constitute "Cause" hereunder. Upon expiration of the initial three year term, this Contract shall automatically renew on a month-to-month basis on the same terms and conditions that are set forth herein except that GSHSI shall be entitled to terminate the Contract by giving Mary Rein thirty days prior written notice. Mary Rein shall remain entitled to terminate this Contract by giving GSHSI two weeks prior advance notice.

*3. Independent Contractor.* Mary Rein shall at all times be an independent contractor and not a GSHSI employee. The parties acknowledge that GSHSI has no authority to manage or direct Mary Rein's day to day actions and activities or the manner in which Mary Rein carries out her obligations in this Contract, and GSHSI shall not attempt to manage or direct any such activities. Mary Rein shall at all times be free to decide the specific times that she works in managing the Shelter, the method and manner of managing the Shelter, and all other things that are necessary in order to carry out her obligations herein. In setting those hours it is acknowledged that there will be times of up to two weeks that Mary Rein shall not be at the Shelter while she is on vacation or doing other things, but such times shall not exceed a total of four weeks in any calendar year. Said "off times" shall still be paid and shall not count against Mary Rein when determining whether she has worked 20 hours per week. The parties intend for said periods to be considered equivalent to "vacation periods" even though Mary Rein is not an

1

than 20 hours per week towards the duties set forth in this Contract, she shall be entitled (but not required to do so, up to a maximum of $\underline{40}$ hours per week, and shall be compensated at the rate of $6.00 per hour of work actually performed in excess of 20 hours. Mary Rein shall keep records of all hours worked that exceed 20 hours per week and shall submit those records to GSHSI, which shall compensate Mary Rein for them in her next paycheck. Mary Reins' attendance at any GSHSI board meeting or special meeting shall count as time worked for purposes of calculating Mary Rein's compensation as set forth in this paragraph. GSHSI shall not withhold any payroll taxes or make any other withholdings from Mary Rein's compensation.

6. *Other Reimbursement and Benefits.* In addition to Mary Rein's compensation as set forth in paragraph 5 above, GSHSI shall reimburse Mary Rein for all expenditures she makes for supplies, operational expenditures, advertising, utilities, training expenses, fixtures, and all other expenditures that are for the benefit of the Shelter. GSHSI shall provide and maintain petty cash of not less than $125. at the Shelter to minimize Mary Rein having to spend personal money on Shelter-related items. Mary Rein shall be reimbursed at the rate of 36 cents per mile on a bi-weekly basis for all miles driven by her while performing the services set forth in this Contract. GSHSI shall also reimburse Mary Rein 100% of all repairs or replacements to any of her personal property that result from or are related to or occur when performing any of the services set forth in this Contract. Finally, GSHSI shall indemnify Mary Rein and hold her harmless from all costs, damages, amounts and expenditures (including without limitation attorney's fees and court costs) that Mary Rein incurs in connection with or that arising out of, either in whole or in part, Mary Rein performing any of the services set forth in this Contract.

7. *Illness or Disability.* In the event of Mary Rein's illness, short-term disability or other circumstances which completely prevents Mary Rein from fulfilling all of her duties under this Contract for a continuous period of more than three weeks but less than six months, Mary Rein shall still be paid all compensation that would otherwise be due to her as set forth herein, if the illness, short-term disability or other circumstances was caused, either in whole or in part, or arises out of, either in whole or in part, performance of any duties under this Contract. If said illness, short-term disability or other circumstances was wholly caused by other reasons, Mary Rein's compensation shall be suspended until such time as she begins performing services again hereunder. If any such illness, short-term disability or other circumstance completely prevents Mary Rein from fulfilling all of her duties hereunder for a continuous period of more than six months, GSHSI shall be entitled to terminate this contract upon 30 days written notice after the expiration of the said six month period, it being understood that Mary Rein shall be paid during the full six month period.

8. *No Assignment.* This Contact may not be assigned either in whole or in part without the prior written consent of the other party.

9. *Costs of Enforcement.* In the event that either party to this Contract brings an action for breach or to otherwise enforce or interpret any of the terms of this Contract and shall obtain a judgment in its favor, then said party shall be entitled to recover all costs and expenses incurred, including reasonable attorney's fees.

3

employee. It is the intent of the parties to this Contract that Mary Rein shall have wide authority and discretion to carry out her duties hereunder and neither GSHSI nor any representative of GSHSI shall exercise or attempt to exercise any control over Mary Rein except to generally monitor her performance of her duties as set forth below.

*4. Mary Rein's Duties.* In managing the Shelter, Mary Rein shall have the following rights and duties:

(a) Recruiting, training, supervising, "hiring" and "firing" all volunteers, it being understood that there shall be no actual paid employees without the prior consent of GSHSI's board of directors;

(b) Contracting with utility service providers for the Shelter;

(c) Collect and deposit all Shelter receipts; it being understood that Mary Rein may delegate some of this responsibility from time to time;

(d) Making periodic reports to GSHSI's board of all receipts and expenditures of the Shelter;

(e) Advertising, marketing and setting prices for all Shelter services;

(f) Soliciting donations, it being understood that GSHSI and others shall also have the non-exclusive right to raise donations and Mary Rein shall not be responsible for any outside fundraisers such as (but not limited to ) style show, car washes, rabies clinic, parades, etc.

(g) Entering into contracts for maintenance and/repair of Shelter buildings and grounds at GSHSI's expense, it being understood that any single repair or replacement that costs in excess of $1000. shall have prior approval by GSHSI's board of directors'

(h) Investigating and acting on complaints against any of GSHSI's volunteers at the Shelter;

(i) Purchase supplies to maintain and run the Shelter; and

(j) All other duties which are related or incidental to the day-to-day running of the Shelter.

Mary Rein shall be entitled to check writing privileges on one or more GSHSI bank accounts in order to carry out her obligations hereunder.

*5. Compensation.* In exchange for Mary Rein devoting not less than 20 hours per week towards the duties set forth in this Contract, but subject to Mary Rein's "vacation periods" as described above, GSHSI shall pay Mary Rein $1500. per month, payable on the first day and fifteenth day of each and every month. Nothing in this Contract shall require Mary Rein to work in excess of 20 hours per week. In the event that Mary Rein deems it necessary to devote more

2

10.   *Governing Law and Venue.*   Arkansas law shall govern the interpretation and enforcement of this Contract.  Any and all litigation that pertains to this Contract in any way shall be brought exclusively in the Western District of Carroll County, Arkansas.

We hereby agree to the terms of this Contract as of the date written above.

The Good Shepherd Humane Society, Inc. by

_____
Authorized Representative

_____
Mary Rein

_____
Authorized Representative

4

# EXHIBIT

# "D"

INTERROGATORY NO: 9. Please state who drafted the contract at issue in this Litigation.

ANSWER: Defendant does not know who prepared the contract.

INTERROGATORY NO: 10. If someone was hired or retained to draft the contract at issue, please state who hired or retained the person who drafted said contract.

ANSWER: Defendant believes that the contract was prepared at the request or direction of Boyd Bush.

INTERROGATORY NO: 11. Please identify your previous Board of Directors who were subsequently voted out of office by the general membership as stated in paragraph 5 of the your Answer.

ANSWER: Mr. George Harris, 5 White Oak Dr. Holiday Island, AR 72631
Mr. Marty Martinek, 484 Paradise Mtn. Rd. Eureka Springs, AR 72632
Ms. Susan Lourne,180 CR 1522,Eureka Springs, AR 72632
Ms. Shirley Tinkis, 575 Lakeshore Dr. Eureka Springs, AR 72631
Mr. Dick Oberg,281 CR 1520 Eureka Springs, AR 72632
Mr. Carter Rein,190 Mulberry Ln, Eureka Springs, AR 72631
Mr. David Rush, 3022 E. Van Buren Suite E, Eureka Springs, AR 72632
Ms. Marilyn Sockwell,69 Venus Drive, Holiday Island, AR 72631

INTERROGATORY NO: 12. Please state why your previous Board of Directors should be held jointly and individually responsible for any damages awarded on the contract as stated in paragraph 5 of your Answer.

ANSWER: Breach of fiduciary duty to corporation; malfeasance of office; misfeasance of office; misconduct of office.

Answer: Yes

RESPECTFULLY SUBMITTED,

John Reeve, President,
The Good Shepherd Humane Society, Inc.

By: _____

Gerald K. Crow
Attorney at Law
Bar No. 90100
P.O. Box 129
Berryville, AR 72616
(870) 423-4664
(870) 423-3733 FAX

CERTIFICATE OF SERVICE

I, Gerald K. Crow, attorney for Defendant herein, state that I have on this 9th day of June, 2006, mailed a true and correct copy of the above and foregoing instrument to the attorney for Plaintiff, in the United States mail, postage prepaid and addressed to:

Mr. Eric Vester
Attorney at Law
119 South Second St.
Rogers, AR 72756-4525

_____

Gerald K. Crow



19TH JUDICIAL DISTRICT · EAST
# STATE OF ARKANSAS
## CARROLL COUNTY
124 NORTH MAIN · P.O. DRAWER 231
BERRYVILLE, AR 72616

ALAN D. EPLEY
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

February 8, 2007

Ms. Rachel Runnels
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632

Mr. Scott P. Harrison
Attorney at Law
2928 McKee Circle, Suite 121
Fayetteville, AR 72703

Mr Gene A. Franco
Lisle Law Firm, P.A
1458 Plaza Place, Suite 101
Springdale, AR 72764-5273

Mr. Ben Wulff
Attorney at Law
113 Phillips
Green Forest, AR 72638

Mr Jeff Conner
Attorney at Law
3398 East Huntsville Road
Fayetteville, AR 72701

Mr. J. Christopher Harris
Attorney at Law
224 South 2nd Street
Rogers, AR 72756

Mr. C. Eric Vester
Matthews, Campbell, Rhoads,
 McClure, Thompson & Fryauf
119 South Second Street
Rogers, AR 72756-4525



Re:    John Reeve, Intervenor v. Martinek, et al
        Carroll Circuit (WD) No. CV 2005-103

        Rein v. Good Shepherd Humane Society, Inc
        Carroll Circuit (WD) No. CV 2005-134

        Bush v. Good Shepherd Humane Society, Inc.
        Carroll Circuit (WD) No. CV 2005-135

## NOTICE

The above referenced matters are hereby scheduled for a status hearing on May 18, 2007,
at 1:30 P.M., at the Western District Courthouse in Eureka Springs, Arkansas. Please
notify all necessary parties to be present at that time.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:    Mr David Rush
        ✓Court files

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

MARY REIN                                                                    PLAINTIFF

VS.                                    NO. CV- 2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                          DEFENDANT

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

NOW comes the defendant, Good Shepherd Humane Society, Inc., by and through its attorney, Rachel A. Runnels, and for its Response to Motion for Summary Judgment states as follows:

1.     The Complaint speaks for itself.

2.     Defendant admits and joins in the point of law stated in Paragraph 2.

3.     A Brief in Support of the Response to Motion for Summary Judgment is filed herewith and incorporated by reference; for its reasons stated therein, the Plaintiff is not entitled to judgment as a matter of law.

4.     The documents speak for themselves, and assert issues of fact.

5.     The documents speak for themselves, and assert issues of fact.

6.     The Plaintiff has conveniently failed to indicate controverted matters of fact, indicated by the Requests for Admission and the Response to Requests for Admission, copies of which are attached hereto and incorporated herein as Exhibits "A" and "B", respectively.

WHEREFORE, the Defendant, Good Shepherd Humane Society, Inc., prays for this Honorable Court to deny the Plaintiff's Motion for Summary Judgment , for its costs

and attorney's fees, and for all other relief that to this Honorable Court seems meet and

just.

Respectfully submitted,

Rachel A. Runnels, Bar No. 2003044
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632
(479) 253-0300 (Phone)
(479) 253-0301 (Fax)

## CERTIFICATE OF SERVICE

I, Rachel A. Runnels, do hereby certify that I have served/will serve a true and correct copy of the above and foregoing document on this $12$th day of February, 2007 , by fax and/or mail delivery to Attorney for Plaintiff herein:

Mr. C. Eric Vester
Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR 72756-4525

Rachel A. Runnels

DEFENDANT'S
EXHIBIT
A

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

MARY REIN ........................................................ PLAINTIFF

vs.                                            Case No. CV-2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.              ..................................................... DEFENDANT

## REQUESTS FOR ADMISSION

Comes now the Plaintiff, Mary Rein, and for her Requests for Admission, to the Defendant, Good Shepherd Humane Society, Inc., states as follows:

**REQUEST FOR ADMISSION NO. 1:**     Admit that the Plaintiff and the Defendant validly entered into a Contract for Services on May 11, 2005.

**REQUEST FOR ADMISSION NO. 2:**     Admit that, pursuant to the Contract for Services, the term of said Contract for Services was for a period of three years from May 11, 2005.

**REQUEST FOR ADMISSION NO. 3:**     Admit that, pursuant to the Contract for Services, the Defendant could only terminate the Contract for Services for cause, which was specifically defined in the Contract for Services as "a conviction of Mary Rein in a court of competent jurisdiction of any crime that it classified as a felony under Arkansas or Federal law."

**REQUEST FOR ADMISSION NO. 4:**     Admit that, pursuant to the Contract for Services, no other circumstance or occurrence other than a conviction of Mary Rein in a court of competent jurisdiction of any crime that is

1

classified as a felony under Arkansas or Federal law would constitute cause for the Defendant to terminate the Contract for Services.

**REQUEST FOR ADMISSION NO. 5:** Admit that Plaintiff has not been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law.

**REQUEST FOR ADMISSION NO. 6:** Admit that the Plaintiff fulfilled her obligations under the Contract for Services.

**REQUEST FOR ADMISSION NO. 7:** Admit that, pursuant to the Contract for Services, Mary Rein was to be compensated at the rate of $1,500.00 per month, plus $6.00 per hour of work actually performed in excess of 20 hours per week.

**REQUEST FOR ADMISSION NO. 8:** Admit that the Defendant terminated the Contract for Services between the Plaintiff and the Defendant on October 17, 2005.

**REQUEST FOR ADMISSION NO. 9:** Admit that the Defendant did not terminate the Contract for Services because the Plaintiff had been convicted in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law.

**REQUEST FOR ADMISSION NO. 10:** Admit that the Defendant terminated the Contract for Services without cause, which was specifically defined in the Contract for Services as "a conviction of Mary Rein in a court of competent jurisdiction of any crime that it classified as a felony under Arkansas or Federal law."

2

**REQUEST FOR ADMISSION NO. 11:**   Admit   that   the   Plaintiff   was deprived of 30 months of salary due to the termination by the Defendant of the Contract for Services.

DATED this 28th day of November, 2006.

MARY REIN,
Plaintiff

By: C. Eric Vester

C. Eric Vester, Her Attorney
Arkansas Bar #2005231
MATTHEWS, CAMPBELL, RHOADS,
McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756-4525
(479) 636-0875   (479) 636-8150-Fax

## CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff herein, state that I have on this 28th day of November, 2006, mailed a true and correct copy of the above and foregoing instrument to Mr. John Reeve, President, Good Shepherd Humane Society, P.O. Box 285, Eureka Springs, AR 72632, in the United States mail, postage prepaid.

C. Eric Vester

C. Eric Vester

3

DEFENDANT'S
EXHIBIT
B

## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### CIVIL DIVISION, WESTERN DISTRICT

MARY REIN                                                    PLAINTIFF

VS.                                 NO. CV 2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                DEFENDANT

### RESPONSE TO REQUESTS FOR ADMISSION

COMES NOW, Defendant, and for his response to Plaintiff's Requests For Admission, states as follows:

1. Defendant denies the Request for Admission Number 1.

2. Defendant denies the Request for Admission Number 2.

3. Defendant denies the Request for Admission Number 3.

4. Defendant denies the Request for Admission Number 4.

5. Defendant lacks knowledge and/or information sufficient to Admit or Deny Request for Admission Number 5, and accordingly denies the same.

6. Defendant denies the Request for Admission Number 6.

7. Defendant denies the Request for Admission Number 7.

8. Defendant denies the Request for Admission Number 8.

9. Defendant denies the Request for Admission Number 9.

10. Defendant denies the Request for Admission Number 10.

11. Defendant denies the Request for Admission Number 11.

Respectfully submitted,



Rachel A. Runnels, Bar No. 2003044
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632
(479) 253-0300 (Phone)
(479) 253-0301 (Fax)

FILED
Ramona Wilson
DEC 2 7 2006
CIRCUIT CLERK
CARROLL COUNTY
WESTERN DISTRICT

## CERTIFICATE OF SERVICE

I, Rachel A. Runnels, do hereby certify that I have served/will serve a true and correct copy of the above and foregoing document on this _27_ day of _December_____, 200_6_ , by fax and/or mail delivery to Attorney for Plaintiff herein:

Mr. C. Eric Vester
Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR 72756-4525

_Rachel A. Runnels_
Rachel A. Runnels

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

MARY REIN                                                          PLAINTIFF



     VS.            NO.  CV- 2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                      DEFENDANT

## BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant, Good Shepherd Humane Society, Inc., by and through its attorney, Rachel A. Runnels, Attorney at Law, and for its Brief in Support of Response to Plaintiff's Motion for Summary Judgment, states as follows:

Summary Judgment may only be awarded when "there is no genuine issue as to any material fact." Ark.R.Civ.P.56; Stephens v. Petrino, 350 Ark. 268, 86 S.W.3rd 836, (2002).

Plaintiff argues that "…affidavit, defendant's answer, and defendant's responses to interrogatories present no factual issues." She neglects to reference Plaintiff's Requests for Admissions, dated November 28, 2006 and Defendant's Response thereto filed December 27, 2006, both affixed to Defendant's Response to Motion for Summary Judgment as Exhibits "A" and "B," respectively.

Arkansas law distinguishes between depositions, interrogatories and requests for production, on the one hand, and request for admissions on the other. The purpose of the former is to obtain information to prepare for a trial; the latter is to determine whether facts are, in fact, disputed. *Williams-Berryman Ins. Co. v. Morphis*, 246.Ark. 947, 440 S.W.2nd 227 (1969); *Hatchell v. Wren*, ____ Ark. ____, 2005 WL 1532965 (2005).

The Requests for Admission and Response to Request for Admission clearly demonstrate a "genuine issue as to any material fact," because the Plaintiff asserts facts which Defendant has denied.

For these reasons, Summary Judgment is inappropriate and Plaintiff's motion should be denied.

Respectfully submitted,

*Rachel A. Runnels*

Rachel A. Runnels, Bar No. 2003044
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632
(479) 253-0300 (Phone)
(479) 253-0301 (Fax)

## CERTIFICATE OF SERVICE

I, Rachel A. Runnels, do hereby certify that I have served/will serve a true and correct copy of the above and foregoing document on this __12th__ day of February, 2007 , by fax and/or mail delivery to Attorney for Plaintiff herein:

Mr. C. Eric Vester
Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR 72756-4525

*Rachel A. Runnels*

Rachel A. Runnels

QA2\clientfiles\civil\gshs\rein\briefnoppmsj.doc



19TH JUDICIAL DISTRICT - EAST
# STATE OF ARKANSAS
# CARROLL COUNTY
124 NORTH MAIN • P.O. DRAWER 231
BERRYVILLE, AR 72616

**ALAN D. EPLEY**
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

received
2-22-07

February 21, 2007

Ms. Rachel Runnels
Attorney at Law
121 Spring Street
Eureka Springs, AR  72632

Mr. Scott P. Harrison
Attorney at Law
2928 McKee Circle, Suite 121
Fayetteville, AR  72703

Mr. Gene A. Franco
Lisle Law Firm, P.A.
1458 Plaza Place, Suite 101
Springdale, AR  72764-5273

Mr. Ben Wulff
Attorney at Law
113 Phillips
Green Forest, AR  72638

Mr. Jeff Conner
Attorney at Law
3398 East Huntsville Road
Fayetteville, AR  72701

Mr. J. Christopher Harris
Attorney at Law
224 South 2nd Street
Rogers, AR  72756

Mr. C. Eric Vester
Matthews, Campbell, Rhoads,
  McClure, Thompson & Fryauf
119 South Second Street
Rogers, AR  72756-4525

Re:   John Reeve, Intervenor v. Martinek, et al
      Carroll Circuit (WD) No. CV 2005-103

      Rein v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-134

      Bush v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-135

## NOTICE

Due to a conflict on Mr. Vester's calendar, the status hearing in the above matters previously scheduled for May 18, 2007, is continued to June 12, 2007, at 1:30 P.M., or as soon thereafter as the docket will allow, at the Western District Courthouse in Eureka Springs, Arkansas. Please notify all necessary parties of this date change.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:   Mr. David Rush
      Court files

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

MARY REIN .......................................................PLAINTIFF

VS                                  Case No: <u>CV-2005-134</u>

GOOD SHEPHERD HUMANE
SOCIETY, INC.                         .................................................DEFENDANTS

## <u>REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT</u>

Comes now the Plaintiff, Mary Rein, by and through her attorneys, and for her Reply to Response to Motion for Summary Judgment, states:

1. Summary Judgment is proper where there is no genuine issue as to any material fact and where the movant is entitled to judgment as a matter of law. Ark. R. Civ. P. 56.

2. The Plaintiff, by virtue of its Motion for Summary Judgment, Brief in Support, and supporting affidavits, documents, and answers to interrogatories, established a prima facie case for a grant of summary judgment pursuant to Ark. R. Civ. P. 56.

3. The Defendant "may not rest upon the mere allegations or denials of [its] pleadings, but [its] response, by affidavits... must set forth specific facts showing that there is a genuine issue for trial." Ark. R. Civ. P. 56(e).

4. The Defendant did not support its Response to Motion for Summary Judgment with any affidavits, depositions, or answers to interrogatories to show that there is a genuine issue of material fact; therefore, summary judgment is appropriate.

1

5.    A Brief in Support of this Reply to Response to Motion for Summary Judgment is filed herewith and incorporated herein word for word.  For the reasons enunciated in the Brief in Support, the Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mary Rein, prays for summary judgment; for her costs and attorney fees incurred herein; and for all other relief to which she may be entitled.

MARY REIN, Plaintiff

By: _____

C. Eric Vester, Her Attorney
Arkansas Bar #2005231
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756-4525
(479) 636-0875   (479) 636-8150-Fax

## CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff herein, state that I have on this 22nd day of February, 2007, mailed a true and correct copy of the above and foregoing instrument to the attorney for Defendant, Rachel A. Runnels, Attorney at Law, 121 Spring Street, Eureka Springs, AR 72632, in the United States mail, postage prepaid.

_____
C. Eric Vester

2

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

MARY REIN ......................................................PLAINTIFF

VS                          Case No: CV-2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                ....................................................DEFENDANTS

### BRIEF IN SUPPORT OF REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Mary Rein, by and through her attorneys, and for her Brief in Support of Reply to Response to Motion for Summary Judgment, states:

### ARGUMENT

Based on Ark. R. Civ. P. 56 and Arkansas case law, while the initial burden of proving that there is no genuine issue of material fact rests with the moving party, once the moving party has established a prima facie case for a grant of summary judgment, the respondent must meet proof with proof, setting forth specific facts by affidavits, depositions, or answers to interrogatories demonstrating the existence of a genuine issue of material fact, and cannot rely on general denials.

A grant of summary judgment is proper in a case "only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Hanks v. Sneed*, 366 Ark. 371, --- S.W.3d ---- (Ark. 2006). Although the burden of showing that there is no justiticiable fact issue initially rests upon the moving party, when this party has established a prima facie case showing that he is entitled to a grant of summary judgment, the respondent must "discard the shielding cloak of formal allegations" and "meet proof with proof" establishing a genuine issue as to a material

1

fact. *Hughes Western World, Inc. v. Westmoor Manufacturing Co.,* 601 S.W.2d 826, 826-27 (Ark. 1980); see also, *Guthrie v. Kemp,* 793 S.W.2d 782 (Ark. 1990) (summary judgment upheld where respondent failed to meet proof with proof by setting forth any specific facts as required by Ark. R. Civ. P. 56). Further, Rule 56 of the Arkansas Rules of Civil Procedure provides in part that, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ark. R. Civ. P. 56(e). The facts set forth by the opposing party must be such as are "admissible in evidence," and must be "set forth with particularity, mere general averments being insufficient." *Miskimins v. City National Bank of Fort Smith,* 456 S.W.2d 673, 679 (Ark. 1970). The opposing party may not attempt to "force the case to trial by merely contending that an issue exists, without any showing of evidence." *Mid-South Insurance Co. v. First National Bank of Fort Smith,* 410 S.W.2d 873, 875 (Ark. 1967). Such an action, the Arkansas Supreme Court has noted, would "defeat the whole purpose of summary judgment procedure." *Id.*

After the moving party meets his or her initial burden of establishing a prima facie showing of entitlement to summary judgment, the respondent then has the burden of meeting "proof with proof" to establish that an issue of material fact exists. *Hughes,* 269 Ark. at 301; 601 S.W.2d at 827. In *Hughes,* the court upheld a lower court's grant of summary judgment to the plaintiff, who was seeking to recover payment for items that it sold to the defendant, noting that it failed to meet its required burden of proof by offering a verified general denial rather then setting forth "specific facts" showing a "genuine issue for trial." *Id.* In a similar manner, the court in *Miskimins* presented a

2

more detailed explanation of the requirements for the respondent to meet its burden of proof. In that case, the court upheld a lower court's grant of summary judgment to a bank seeking repayment of a loan of $25,000 made to the defendant, explaining that the defendant, in his affidavits supporting his opposition to the motion failed to present "statements of fact, and not mere conclusions, opinions, or beliefs," and that the "general averments" presented were "insufficient" to establish an issue of material fact. *Miskimins,* 456 S.W.2d at 679. As the court noted in *Mid-South,* in which it again upheld summary judgment against a defendant who had offered "nothing to substantiate its real defense except an unverified pleading," to allow a party to "force [a] case to trial by merely contending that an issue exists" would "defeat the whole purpose of summary judgment procedure." *Mid-South,* 410 S.W.2d at 875.

In the case at hand, the Plaintiff, like the plaintiffs in the cases above, presented a prima facie case establishing that she was entitled to judgment as a matter of law. The burden then shifted to the Defendant to "discard [its] shielding cloak of formal allegations" and "meet proof with proof." *Hughes,* 601 S.W.2d at 826-27. Instead, it relied merely on unsupported and unverified denials of the Plaintiff's requests for admissions, failing to set forth any claims "with particularity" and offering no "specific facts" to establish that there is a genuine issue of material fact. *Miskimins,* 456 S.W.2d at 679; Ark. R. Civ. P. 56(e). Like the defendant in *Mid-South,* the Defendant here offered "nothing to substantiate its real defense," choosing instead to attempt to "force the case to trial by merely contending an issue exists." *Mid-South,* 410 S.W.2d at 875. The Defendant is simply trying to rely on general denials, signed only by the Defendant's attorney, like those in an answer to a complaint, to push this case to trial.

3

The plain language of Ark. R. Civ. Pro. 56 clearly does not allow this. The Defendant has not disputed one single fact established in the Plaintiff's Motion for Summary Judgment with the sworn testimony of anyone – much less anyone with knowledge of the facts. *See Mid-South*, 410 S.W.2d at 875. Absent any evidence showing a genuine issue of material fact exists, summary Judgment is appropriate.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mary Rein, is entitled to judgment as a matter of law because the Defendant, Good Shepherd, has not met proof with proof, but has instead relied merely on general denials; for her costs and attorney fees incurred herein; and for all other relief to which she may be entitled.

MARY REIN, Plaintiff

By: _____

C. Eric Vester, Her Attorney
Arkansas Bar #2005231
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756-4525
(479) 636-0875   (479) 636-8150-Fax

### CERTIFICATE OF SERVICE

I, C. Eric Vester, attorney for Plaintiff herein, state that I have on this 22nd day of February, 2007, mailed a true and correct copy of the above and foregoing instrument to the attorney for Defendant, Rachel A. Runnels, Attorney at Law, 121 Spring Street, Eureka Springs, AR 72632, in the United States mail, postage prepaid.

_____
C. Eric Vester

4



19TH JUDICIAL DISTRICT - EAST

# STATE OF ARKANSAS
# CARROLL COUNTY

124 NORTH MAIN • P.O. DRAWER 231
BERRYVILLE, AR 72616

**ALAN D. EPLEY**
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

March 16, 2007

received
3/19/07

Mr. C. Eric Vester
Matthews, Campbell, Rhoads, McClure,
   Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR  72756-4525

Ms. Rachel Runnels
Attorney at Law
121 Spring Street
Eureka Springs, AR  72632

Re:   Rein v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-134

## NOTICE

The above referenced matter is hereby scheduled for a hearing on the Motion for
Summary Judgment on April 30, 2007, at 9:00 A.M., or as soon thereafter as the docket
will allow, at the Western District Courthouse in Eureka Springs, Arkansas.  Please notify
all necessary parties to be present at that time.  Should you have a conflict with this
setting, please advise as soon as possible.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:   Court file

*Rachel A. Runnels*

ATTORNEY AT LAW

121 Spring Street
Eureka Springs, AR 72632

www.runnelslaw.com

Tel (479) 253-0300
Fax (479) 253-0301
rar@runnelslaw.com

April 25, 2007

Ramona Wilson
Circuit Clerk
Carroll County Courthouse
Eureka Springs, AR   72632

In Re:  Bank of Eureka Springs v. John Reeve, Good Shepherd Humane Society,
Inc., v. George Harris, et al./Case No. CV-2005-103

Boyd Bush v. Good Shepherd Humane Society, Inc., v. Marty Martinek, et
al./Case No. CV-2005-135

Mary Rein v. Good Shepherd Humane Society, Inc./Case No. CV-2005-134

Dear Ramona:

Enclosed please find the Notice of Bankruptcy Case Filing with connection to the
above civil cases.

By copy of this letter, we are forwarding this notice to all interested parties &/or
their respective attorneys.

If you have any questions, please feel free to contact our office.

Very truly yours,

Kim Heflin, Legal Assistant
Rachel A. Runnels
Attorney at Law

/kh
Enclosure
cc:     See attached service list

United States Bankruptcy Court
Western District of Arkansas

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 11 of the United States Bankruptcy Code, entered on 04/24/2007
at 5:04 PM and filed on 04/24/2007.

**The Good Shepherd Humane Society, Inc.**
124 W. Van Buren
Eureka Springs, AR 72632
Tax id: 71-0458910



The case was filed by the debtor's attorney:

**Rachel A. Runnels**
Attorney at Law
125 Spring St.
Eureka Springs, AR 72632
(479) 253-0300

The case was assigned case number 3:07-bk-71212 to Judge Richard D. Taylor.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://www.arb.uscourts.gov or at the Clerk's Office, U.S. Bankruptcy Court, 35 E.
Mountain St., Ste. 316, Fayetteville, AR 72701.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Jean Rolfs**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/25/2007 11:07:36 | | |
| PACER Login: | π2695 | Client Code: | |
| Description: | Notice of Filing | Search Criteria: | 3:07-bk-71212 |
| Billable Pages: | 1 | Cost: | 0.08 |

THE GOOD SHEPHERD HUMANE SOCIETY, INC.
SERVICE LIST

Mr. Scott P. Harrison
2928 McKee Circle, Suite 121
Fayetteville, AR  72703

Mr. John Reeve, President
Good Shepherd Humane Society
P.O. Box 285
Eureka Springs, AR  72632

Mr. Marty Martinek
484 Paradise Mtn. Rd.
Eureka Springs, AR  72632

Mr. Gene A. Franco
Lisle Law Firm, P.A.
1458 Plaza Place, Suite 101
Springdale, AR  72764-5273

Mr. Ben Wulff
113 Phillips Street
Green Forest, AR  72638

Mr. Carter Rein
P.O. Box 3068
Eureka Springs, AR  72631

Mr. Jeff Conner
3398 E. Huntsville Rd.
Fayetteville, AR  72701

Mr. David Rush
3022 E. Van Buren, Suite E
Eureka Springs, AR  72632

Mr. Sharon Jacobson
57 Table Rock Drive
Holiday Island, AR 72631

Mr. C. Eric Vester
Matthews, Campbell, Rhoads,
McClure, Thompson & Fryauf, P.A.
119 South Second Street
Rogers, AR 72756-4525

# RACHEL A. RUNNELS, ATTORNEY AT LAW

### 479-253-0300 PHONE        479-253-0301 FAX

## FACSIMILE TRANSMITTAL SHEET

**TO:** Ramona Wilson

**COMPANY:** Carroll County CC

**FAX NUMBER:** 253-6013

**PHONE NUMBER:**

**FROM:** Rachel Runnels

**DATE:** 4-25-07

**TOTAL NO. OF PAGES, INCLUDING COVER:** 30

**SENDER'S REFERENCE NUMBER:**

**RE:** Good Shepherd Humane Society, Chp. 11 Bankruptcy

**NOTES:** —

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

THE INFORMATION IN THIS FAX IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.

IF THE READER OF THIS INFORMATION IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS BY U.S. MAIL.

CC: Judge Epley
870-423-5824

---

RACHEL A. RUNNELS, ATTORNEY AT LAW
125 SPRING STREET
EUREKA SPRINGS, ARKANSAS 72632

```
· APR 25,2007  10:41           Model #  Dell Photo AIO 962              000-000-00000

  TOTAL PAGES SENT:             60

  TOTAL PAGES RECEIVED:         72
```

| No. | Date | START | Time | S/R | TO/FROM | PAGES | RESULT |
|-----|------|-------|------|-----|---------|-------|--------|
| 01 | APR 11,2007 | 10:42A | 00:02A | Recv | BRANSON SHUTTLE | 6 | OK |
| 02 | APR 11,2007 | 11:49A | 00:01A | Recv | BRANSON SHUTTLE | 1 | OK |
| 03 | APR 12,2007 | 09:40A | 00:02A | Send | 15152952158 | 4 | OK |
| 04 | APR 12,2007 | 10:16A | 00:03A | Recv | 5012537358 | 4 | OK |
| 05 | APR 13,2007 | 02:45P | 00:02A | Recv | 5012537358 | 1 | OK |
| 06 | APR 16,2007 | 12:36A | 00:07A | Recv | 870 423 4367 | 11 | REMOTE FAX ERROR |
| 07 | APR 16,2007 | 12:36A | 00:03A | Recv | ******* | 11 | ERROR |
| 08 | APR 16,2007 | 12:48A | 00:05A | Recv | CROW GERALD ATT | 14 | OK |
| 09 | APR 17,2007 | 10:16A | 00:01A | Recv | 870 423 2577 | 1 | OK |
| 10 | APR 17,2007 | 11:18A | 00:01A | Recv | BRASWELL PRINTI | 1 | OK |
| 11 | APR 17,2007 | 11:42A | 00:03A | Send | 14172557959 | 8 | OK |
| 12 | APR 17,2007 | 01:59P | 00:01A | Send | 15016649487 | 1 | OK |
| 13 | APR 17,2007 | 06:30P | 02:56P | Recv | 479+444+1608 | 1 | ERROR |
| 14 | APR 17,2007 | 06:30P | 00:01A | Recv | AAA Business System | 1 | OK |
| 15 | APR 18,2007 | 09:26A | 00:02A | Send | 14794420342 | 2 | OK |
| 16 | APR 18,2007 | 01:06P | 00:01A | Send | 14794437862 | 2 | OK |
| 17 | APR 18,2007 | 01:09P | 00:02A | Send | 18002628208 | 3 | OK |
| 18 | APR 19,2007 | 01:47P | 00:01A | Send | 18704386574 | 0 | NO ANSWER |
| 19 | APR 19,2007 | 01:53P | 00:01A | Send | 18704384792 | 1 | OK |
| 20 | APR 19,2007 | 04:38P | 00:01A | Recv | 4792717499 | 3 | OK |
| 21 | APR 20,2007 | 11:23A | 00:02A | Send | 14792717499 | 3 | OK |
| 22 | APR 20,2007 | 11:32A | 00:03A | Send | 18704233630 | 3 | OK |
| 23 | APR 20,2007 | 11:36A | 00:02A | Send | 18704233521 | 3 | OK |
| 24 | APR 20,2007 | 11:48A | 00:01A | Recv | 4176782905 | 3 | OK |
| 25 | APR 20,2007 | 12:09A | 00:01A | Recv | ******* | 5 | OK |
| 26 | APR 20,2007 | 12:27A | 00:02A | Send | 14172557959 | 5 | OK |
| 27 | APR 20,2007 | 12:39A | 00:02A | Send | 14072916912 | 5 | OK |
| 28 | APR 20,2007 | 03:01P | 00:01A | Send | 14796211136 | 2 | OK |
| 29 | APR 23,2007 | 09:14A | 00:01A | Recv | 18704384481 | 2 | OK |
| 30 | APR 23,2007 | 10:56A | 00:01A | Send | 14794644300 | 2 | OK |
| 31 | APR 23,2007 | 12:28A | 00:02A | Recv | 501 253 7809 | 2 | OK |
| 32 | APR 23,2007 | 03:03P | 00:06A | Send | 18704235824 | 6 | OK |
| 33 | APR 24,2007 | 11:55A | 01:36A | Recv | 479 656 3130 | 1 | ERROR |
| 34 | APR 24,2007 | 11:55A | 01:35A | Recv | 4792532123 | 1 | ERROR |
| 35 | APR 24,2007 | 11:55A | 00:31A | Recv | 479-253-9188 | 1 | OK |
| 36 | APR 24,2007 | 01:31P | 00:02A | Send | 19414744630 | 2 | OK |
| 37 | APR 24,2007 | 01:59P | 00:16A | Recv | DARLING EDWARD | 1 | OK |
| 38 | APR 24,2007 | 04:28P | 00:00A | Recv | BRANSON SHUTTLE | 1 | OK |
| 39 | APR 25,2007 | 10:35A | 00:02A | Send | 2536013 | 4 | OK |
| 40 | APR 25,2007 | 10:38A | 00:03A | Send | 18704235824 | 4 | OK |



19TH JUDICIAL DISTRICT - EAST

# STATE OF ARKANSAS
# CARROLL COUNTY

124 NORTH MAIN • P.O. DRAWER 231
BERRYVILLE, AR 72616

**ALAN D. EPLEY**
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

May 15, 2007

Ms. Rachel Runnels
Attorney at Law
121 Spring Street
Eureka Springs, AR 72632

Mr. Scott P. Harrison
Attorney at Law
2928 McKee Circle, Suite 121
Fayetteville, AR 72703

Mr. Gene A. Franco
Lisle Law Firm, P.A.
1458 Plaza Place, Suite 101
Springdale, AR 72764-5273

Mr. Ben Wulff
Attorney at Law
113 Phillips
Green Forest, AR 72638

Mr. Jeff Conner
Attorney at Law
3398 East Huntsville Road
Fayetteville, AR 72701

Mr. J. Christopher Harris
Attorney at Law
224 South 2nd Street
Rogers, AR 72756

Mr. C. Eric Vester
Matthews, Campbell, Rhoads,
 McClure, Thompson & Fryauf
119 South Second Street
Rogers, AR 72756-4525



Re:  John Reeve, Intervenor v. Martinek, et al
     Carroll Circuit (WD) No. CV 2005-103

     Rein v. Good Shepherd Humane Society, Inc
     Carroll Circuit (WD) No. CV 2005-134

     Bush v. Good Shepherd Humane Society, Inc.
     Carroll Circuit (WD) No. CV 2005-135

Dear Attorneys:

It is my understanding that these proceedings are suspended due to bankruptcy filing. If you disagree, please let me know. Otherwise, the status hearings scheduled for June 12, 2007, are vacated and removed from the docket.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:  √ Court files
     Mr. David Rush

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

MARY REIN                                                        PLAINTIFF

No. CV-2005-134

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                    DEFENDANT

ENTRY OF APPEARANCE AND
MOTION FOR SUBSTITUTION OF COUNSEL

Defendant Good Shepherd Humane Society, Inc. by and through one of its attorneys, Eric Berger of Wright, Lindsey & Jennings LLP, submits the following Entry of Appearance and Motion for Substitution of Counsel, and states:

1.      Good Shepherd Humane Society, Inc. ("Movant") moves the Court to have Eric Berger, WRIGHT, LINDSEY & JENNINGS LLP, substituted as its counsel for Rachel Runnels.

2.      Movant further requests that upon entry of the order substituting counsel, that Ms. Runnels be relieved of any further duties in connection with the representation of Movant.

3.      Eric Berger of Wright, Lindsey & Jennings LLP, hereby enters an appearance as counsel of record for Movant in this matter and certifies that he is in good standing and licensed to practice in this Court.

//

//

730617-v1

WHEREFORE, Good Shepherd Humane Society, Inc. prays that Eric Berger of Wright,

Lindsey & Jennings LLP be substituted as counsel of record in this matter and for all other proper

relief.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
903 N. 47th Street – Suite 101
Rogers, Arkansas 72756
Email: eberger@wlj.com
Phone: (479) 986-0888
Fax: (479) 986-8932

By _____
    Eric Berger (2004210)
    Attorneys for Good Shepherd Humane Society, Inc.

- 2 -

730617-v1

## CERTIFICATE OF SERVICE

On November 29, 2007, a copy of the foregoing was served by U.S. Mail on:

Scott P. Harrison
2928 McKee Circle, Suite 121
Fayetteville, AR  72703

Ben Wulff
113 Phillips Street
Green Forest, AR  72638

Jeff Conner
3398 East Huntsville Road
Fayetteville, AR 72701

J. Christopher Harris
224 South 2nd Street
Rogers, AR 72756

Gene A. Franco
1458 Plaza Place, Suite 101
Springdale, AR  72764-5273

Rachel Runnels
125 Spring Street
Eureka Springs, AR 72632

C. Eric Vester
119 South 2nd Street
Rogers, AR 72756

_____
Eric Berger